**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KIMBERLEE ANN DESROSIERS,

           Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

Case No. 2:15–cv–1033–JCM–VCF

**<u>REPORT & RECOMMENDATION</u>**

      This matter involves Claimant Kimberlee Ann Desrosiers' appeal from Defendant Carolyn W. Colvin's final decision denying Desrosiers social security benefits. Before the court is Desrosiers' Motion for Remand/Reversal, (Doc. #16) the Commissioner's response and cross-motion to affirm, (Doc. #23). For the reasons stated below, the court recommends that Desrosiers' motion be denied and the Commissioner's cross motion be granted.

**I. STANDARD OF REVIEW**

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

      The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is

supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  Substantial evidence is defined as "more than a mere scintilla" of evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  This means that the Commissioner's decision will be upheld if it has any support in the record.  *See*, e.g., *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

Desrosiers' appeal presents one question: whether the administrative law judge (the "ALJ") erred when the ALJ assessed Desrosiers' residual functional capacity (the "RFC").

**1.    The ALJ PROPERLY CONSIDERED DESROSIER'S MILD LIMITATIONS IN SOCIAL FUNCTIONING AND CONCENTRATION, PERSISTENCE, OR PACE**

Desrosiers contends that the ALJ erred because the ALJ did not incorporate Desrosiers' mild limitations in social functioning and concentration, persistence, or pace into Desrosiers' RFC. The court disagrees with Desrosiers and finds that the ALJ properly considered Desrosiers' mild limitations.

The Social Security Administration has established a five-step sequential evaluation to determine if a claimant is disabled.  20 CFR 404.1520(a).  At step two of the evaluation, the ALJ determines if the claimant has a medically determinable impairment or combination of impairments that may be classified as "severe."  20 CFR 404.1520(c).  At step three, the ALJ determines is the claimant's "severe"

impairment or combination of impairments meets the Social Security Administration's listed criteria for disability. 20 CFR 404.1520(d). Between steps three and four, the ALJ determines the claimant's RFC. 20 CFR 404.1520(e). When the ALJ determines the claimant's RFC, the ALJ must consider all the claimant's impairments, including those that are not "severe." *Id*.

"An ALJ is required to discuss and evaluate evidence that supports his conclusion; he is not required to do so under any specific heading." *Scoterllaro v. Colvin*, No. 2:13–cv–00696, 2015 WL 4275970 at* 9 (D. Nev. June 22, 2015) (holding that the ALJ's failure to restate and expand on his step-two findings in the RFC analysis did not constitute error). An ALJ's failure to "discuss his findings on the Paragraph B criteria at length at step four is not reversible error." *Id*.

At step two of the evaluation, the ALJ found that Desrosiers social functioning limitations were mild because Desrosiers performed service-related jobs and relied on friends to help her with household tasks, despite Desrosiers' claims that she had no friends and was easily agitated by other people. AR 17. Likewise, the ALJ found that Desrosiers' concentration, persistence, or pace limitations were mild because Desrosiers was able to drive, pay bills, and manage a savings account. *Id*.

The ALJ considered Desrosiers' mild limitations when the ALJ assessed Desrosiers' RFC. The ALJ noted that Desrosiers' "residual functional capacity assessment reflects the degree of limitation [the ALJ] has found in the 'paragraph B' mental function analysis." AR 18. The ALJ also cited Desrosiers' "admissions of performing self-care tasks, driving, and meal preparation." AR 20. The ALJ's reference to his "paragraph B' mental functioning analysis and citation to activities that rendered Desrosiers' limitations mild shows that the ALJ properly considered Desrosiers' mild limitations when the ALJ assessed Desrosiers' RFC.

Desrosiers relies on *Hutton v. Astrue*, 491 Fed. Appx. 850, 851 (9th Cir. 2012) to argue that the ALJ's failure to pose hypotheticals to the vocation expert that included Desrosiers' mild limitations,

shows that the ALJ failed to consider Desrosiers' mild limitations.  *Hutton* is inapplicable to the instant action.  While the ALJ in *Hutton* failed to consider the claimant's PTSD when he assessed the claimant's RFC, the *Hutton* court did not reach the issue of whether the ALJ's failure constituted reversible error.  *See id* at 850-51.  Instead the *Hutton* court held that the ALJ committed reversible error when the ALJ repeatedly mischaracterized the claimant's and the claimant's wife's testimony about the severity claimant's post-traumatic stress disorder (PTSD).  *Id*.  In the instant action, the ALJ did not mischaracterize any testimony and properly considered Desrosiers' mild limitations.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Desrosiers' Motion for Reversal and/or Remand (Doc. #16) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (Doc. #23) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 25th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE