UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY ANN DESROSIERS, | Case No. 2:15-CV-1033 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CAROLYN W. COLVIN, | |
| Defendant(s). | |

Presently before the court are Magistrate Judge Ferenbach's report and recommendation regarding plaintiff Kimberlee Ann Desrosiers's motion to remand the case to the Social Security Administration (ECF No. 16) and defendant Carolyn Colvin's cross-motion to affirm the commissioner's decision (ECF No. 23). (ECF No. 26). Defendant filed a response to the motion to remand (ECF No. 24). Additionally, plaintiff filed an objection to the report and recommendation, (ECF No. 27) and defendant filed a response (ECF No. 28).

**I.   Background**

Plaintiff brings this action against the acting commissioner of social security for judicial review of the commissioner's decision to deny plaintiff's application for disability insurance benefits and supplemental security income. (ECF No. 3). On October 24, 2013, an administrative law judge ("ALJ") ruled that plaintiff was not "disabled under [§§] 216(i) and 223(d) of the Social Security Act." (ECF No. 15-1 at 28). The Social Security Administration's Appeals Council denied plaintiff's request for review of the ALJ's decision, and that decision therefore served as the commissioner's final decision. (ECF Nos. 3, 15-1).

On June 12, 2015, plaintiff filed a complaint against the commissioner in federal court seeking review of the commissioner's decision regarding her access to disability benefits. (ECF No. 3). Plaintiff later submitted an October 16, 2015, motion to remand arguing that "there are no issues of triable fact . . . ." (ECF No. 16). Defendant filed a cross-motion to affirm, contending

**James C. Mahan**
**U.S. District Judge**

that the ALJ properly decided plaintiff's disability status based on the record in that case. (ECF No. 23).

Magistrate Judge Ferenbach issued a January 25, 2016, report and recommendation that plaintiff's motion to remand should be denied and defendant's cross-motion to affirm should be granted. (ECF No. 26). The magistrate judge found that "the ALJ properly considered Desrosiers'[s] mild [limitations in social functioning and concentration, persistence, or pace]" when determining the plaintiff's residual functioning capacity. (ECF No. 26 at 2). Plaintiff filed a February 3, 2016, objection to the magistrate judge's findings, (ECF No. 27) and defendant filed a February 19, 2016, response to plaintiff's objection (ECF No. 28).

## II.     Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C § 405(g). Further, the court must affirm the commissioner's conclusion if it is "supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

This statement means that "the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record and if evidence exists to support more than one rational interpretation, [the court] must defer to the Commissioner's decision." *Id.* (citations omitted). Indeed, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Here, the plaintiff timely objected to Magistrate Judge Ferenbach's report and recommendation. (ECF No. 27). Therefore, this court now reviews those findings de novo. 28 U.S.C. § 636(b)(1).

Plaintiff argues that this court should reject the magistrate judge's report and recommendation that plaintiff's motion to remand (ECF No. 16) be denied and defendant's cross-motion to affirm the acting commissioner of social security's decision be granted (ECF No. 23). (ECF No. 27). Particularly, plaintiff's cites to this court's previous decision in *Juarez v. Colvin*, No. 2:13-CV-2154 JCM VCF, 2015 WL 4041361 (D. Nev. July 1, 2015) to support the argument that ambiguity in an ALJ's conclusion effectively requires an ALJ to pose a hypothetical question to a vocational expert regarding mental limitations. (ECF No. 27).

In *Juarez*, this court upheld Magistrate Judge Ferenbach's determination that "the ALJ's decision, adopted by defendant, be remanded for further administrative proceedings to determine whether plaintiff has mild mental limitations that must be posed as a part of the hypothetical to a vocational expert." *Juarez*, 2015 WL 4041361, at *1.

In that report and recommendation, Magistrate Judge Ferenbach's analysis contemplated the lack of mental limitation considerations in an ALJ's hypothetical to a vocational expert because the ALJ's findings were so ambiguous that the magistrate judge had difficulty discerning what that ALJ's ultimate findings were. *See id.* at *6. Indeed, an ambiguous record would require the court to uphold the ALJ's decision. *See Burch v. Barnhart*, 400 F.3d at 679. However, it was the ALJ's relevant finding in *Juarez* that was ultimately unclear. *See Juarez*, 2015 WL 4041361 at *6.

In the present case, the ALJ's findings for each of the "paragraph B" criteria are itemized, with an ultimate conclusion that plaintiff's "medically determinable mental impairments" were "nonsevere." (ECF No. 15-1 at 23). The ALJ then proceeded to discuss the credibility of the evidence on the record, producing a conclusion regarding the plaintiff's residual functional capacity that "[t]he claimant is capable of performing past relevant work as a waitress and bartender." (ECF No. 15-1 at 24–27).

Unlike the ALJ decision in *Juarez*, here there is a clear, identifiable conclusion by the ALJ that is entitled to deference, even assuming *arguendo* that there is an ambiguous record. *See Burch*, 400 F.3d at 679. Therefore, *Juarez* has no legal impact on this case.

James C. Mahan
U.S. District Judge

- 3 -

Further, this court agrees with Magistrate Judge Ferenbach's treatment of the *Hutton* case offered by plaintiff in her motion to remand. *See Hutton v. Astrue*, 491 Fed. Appx. 850 (9th Cir. 2012). The key matter in that case was an ALJ's "repeated[] mischaracteriz[ation]" of a witness's testimony. *Hutton*, 491 Fed. Appx. at 851. A similarly obvious misunderstanding of the evidence on the record is not at issue in this case. Therefore, plaintiff's legal arguments are unpersuasive.

### IV.   Conclusion

Upon a de novo review of the portions of the magistrate judge's report and recommendation (ECF No. 26) against which plaintiff objects, (ECF No. 27) this court nonetheless finds that the determinations in the report and recommendation are correct and therefore accepts them in their entirety.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (ECF No. 26) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion to remand (ECF No. 16) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's cross-motion to affirm (ECF No. 23) be, and the same hereby is, GRANTED.

DATED August 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -